UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSE BERRIOS

                Plaintiff,

                                          Civil Action No.

        -against-                        **COMPLAINT**

THE CITY OF NEW YORK (CITY),
Individually and in their official capacity as
NEW YORK CITY POLICE OFFICERS –
POLICE OFFICER LISETTE JORDAN, CJB,
SHIELD #028498 POLICE OFFICER EDWIN
JEREZ, 46 PCT, SHIELD #9352 AND
JOHN DOE POLICE OFFICERS

                Defendant.

----------------------------------------------------------X

[Stamped: 12 CIV 8037  JUDGE ENGELMAYER]

[Stamped: RECEIVED NOV 05 2012 U.S.D.C. S.D.N.Y. CASHIERS]

        Plaintiff JOSE BERRIOS, by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges as follows:

## INTRODUCTION

    1.    This is an action commenced by plaintiff for money damages against defendants for committing an act within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

    Plaintiff alleges that said Police Officers, deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, his 14th Amendment due process rights, and arrest without probable cause.

This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal arrest in favor of the plaintiff.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (1-4), and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## NINETY DAY NOTICE AND 50-H HEARING

5. A Ninety Day Notice of Claim was filed on October 21, 2011 with the office of the Comptroller of the City of New York and the Office of the Corporation Counsel. A. 50-H hearing was held on December 5, 2011. Over thirty days have elapsed with no adjustment of this claim

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## PARTIES

7. Plaintiff Jose Barrios is an American Citizen residing in the Bronx, New York.

8. At all times relevant herein, defendant Police Officer LISETTE JORDAN Shield# #028498, CJB, was a police officer of the NYPD, acting as an agent, servant and employee of defendant of the CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and /or the Police Department.

9. At all times relevant herein, defendant Police Officer EDWIN

JEREZ (JEREZ),Shield #9352 ,46TH precinct, was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and /or the Police Department.

## FACTUAL ALLEGATIONS

10. At approximately 06:45 p.m. on August 5, 2011 at the North East Corner of University Avenue and West Burnside Avenue, the police claimed JOSE BERRIOS had committed the offense of criminal possession of a controlled substance in the seventh degree, (Penal Law Section 220.03).

11. The police claimed that Mr. Berrios criminally possessed two white pills when they stopped and searched him.

12. On the evening of August 5, 2011 Mr. Berrios was going to his son's house when he was approached by uniformed police officers who told him to get against the wall. The police proceeded to search him and recovered two methadone pills on Mr. Berrios' person

13. Mr. Berrios told the police the methadone had been given to him by a doctor and he showed the police the legal prescription for the pills. The police ignored Mr. Berrios' attempt to show them the prescription and explanation that he had a right to possess the pills

14. Mr. Berrios was handcuffed and taken to the 46th Precinct. At the precinct he was booked and charged with criminal possession of a controlled substance in the seventh degree.

15. Mr. Berrios was then held over for his criminal arraignment. At Mr. Berrios' arraignment the medical prescription he showed to the police was given to the district attorney and the judge.

16. At Mr. Berrios criminal court arraignment, the Bronx County judge dismissed all the charges, finding that there was no probable cause to arrest Mr. Berrios because he had a medical prescription for the pills.

17. Jose Berrios informed the police that he had a legal prescription for the methadone pills but he was arrested anyway. Mr. Berrios rightfully possessed the methadone pills and had committed no act which would give the police a reason to arrest him or provide probable cause to interfere with his liberty.

18. After the judge dismissed all of the charges on August 7, 2011 Mr. Berrios was released, after some 24 hours in custody.

19. Prior to being told by the Judge that he would go home Berrios faced criminal charges. The ordeal greatly traumatized Berrios and was a result if his false arrest which deprived Mr. Berrios of his freedom for some twenty-four hours.

## DAMAGES

20. As a direct and proximate result of the said acts of the defendants, Mr. Berrios suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;

   b. Loss of physical liberty due to incarceration;

   c. Humiliation, embarrassment, and injury to reputation.

4

## CAUSES OF ACTION

## COUNT I

### 42. U.S.C. § 1981, 1983 – FOURTH AND FORTEENTH AMENDMENT VIOLATIONS: FALSE ARREST

21. Paragraphs 1- 20 are incorporated by reference as though fully set forth.

22. Plaintiff did not commit, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiffs claim that his search and arrest was unlawful because it was made without probable cause to believe Mr. Berrios had possessed a controlled substance or committed any crime.

23. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was unlawfully arrested and imprisoned, until he was released from Bronx Criminal Court..

24. That on or about 5th day of August, 2011 at or about approximately 06:45 p.m. of that day, while the plaintiff was lawfully in the vicinity of University Ave and West Burnside, and subsequent times thereafter,

including but not limited to a Bronx, Precinct, Central Booking and a detention cell the defendants, their agents, servants and employees falsely arrested Mr. Berrios without any probable cause or any just right or grounds therefore.

25. That the plaintiff was deprived of his liberty.

26. That the defendant police officers, acting under color of authority did not any possess cause whatsoever to arrest Mr. Berrios.

27. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant CITY and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY.

28. That at all times hereinafter mentioned, defendants, Police Officers Jordan, shield.# 028498 and Jerez shield#9352 ,46th precinct, were acting under color of law in their official capacity as a New York City Police Officers.

29. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, Mr. Berrios, and deprived plaintiffs of the rights, privileges and immunities secured to plaintiffs by the Fourth and

6

Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrantless searches and arrests without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process, and arrest without probable cause.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND (200,000.00) dollars.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of Two Hundred Thousand Dollars on each Cause of Action;
2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;
3. For such other and further relief as to this Court may seem just and proper.

Dated: Bronx, New York
~~August 13,~~ 2012
November 2

_____
RUDY VELEZ /7160

Attorney for Plaintiff
930 Grand Concourse, Suite 1A
Bronx, New York 10451
(718) 993-3062
(718) 993-3064 (fax)
rvesq@yahoo.com (e-mail addr.)

7